of Mr. Livengood's disclosures to the IG. Even under a preponderance standard, substantial evidence clearly supports the Board's determination that petitioner did not prove his affirmative defense.

Mr. Hathaway's further argument, that Mr. Livengood's statements that Mr. Hathaway could not trust him because he was "out to get" Mr. Hathaway motivated the threats, also fails to present a ground for reversal. Again, Mr. Hathaway made the threats two months after Mr. Livengood warned him about being "out to get" him. The record is unclear on the effect Mr. Livengood's warning actually had on Mr. Hathaway. Meanwhile, new sources of motivation arose. In any event, there is no evidence that such loss of trust would justify threats of removal and an unsatisfactory performance appraisal. Therefore, we discern no reason to upset the Board's determination that petitioner's affirmative defense failed.

### CONCLUSION

Substantial evidence supports the Board's determination that Mr. Hathaway, on or about October 3, 1989, threatened Mr. Livengood with removal and an unsatisfactory performance appraisal because of Mr. Livengood's disclosure to the IG of questionable discontinued service retirements. Nor can Mr. Hathaway avoid this charge because substantial evidence shows that he failed to establish, either by clear and convincing evidence or by a preponderance of the evidence, that he would have taken the same personnel action absent the whistleblowing. Pursuant to the WPA, specifically 5 U.S.C.A. § 1215, Mr. Hathaway is therefore subject to disciplinary action for engaging in a 5 U.S.C.A. § 2302(b)(8) prohibited personnel practice. Accordingly, the final order of the Board imposing a 30-day suspension against petitioner is

AFFIRMED.

Earl Jason **LARISCEY**,
Plaintiff–Appellant,

v.

The **UNITED STATES**, Defendant–Appellee.

No. 90–5129.

United States Court of Appeals, Federal Circuit.

Dec. 28, 1992.

Rehearing Denied March 3, 1993.

John S. Moot, Washington, DC, argued, for plaintiff-appellant, on the brief on Rehearing In Banc. Also on the brief, for plaintiff-appellant were Buel White and Lewis B. Gardner.

Edward H. Rice, Dept. of Justice, argued, for defendant-appellee, on the brief on Rehearing In Banc, with him on the brief, were Stuart M. Gerson, and Vito J. DiPietro. Also on the brief, for defendant-appellee was Chun–I Chiang. Of counsel, was John Fargo.

Before NIES, Chief Judge, RICH, NEWMAN, ARCHER, MAYER, MICHEL, PLAGER, LOURIE, CLEVENGER, and RADER, Circuit Judges.*

### ORDER

PER CURIAM.

The judgment in the above appeal is affirmed by an equally divided court.

---

* Circuit Judge Schall took no part in the decision    of this case.